IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

RONALD VOREL, *pro se*,          *

    Petitioner,                *

                             *

       v.                          CRIMINAL NO.: WDQ-07-0519
                            *    CIVIL NO.: WDQ-09-2971

UNITED STATES OF AMERICA,
                            *

    Respondent.
                            *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Ronald Vorel pled guilty to mail fraud in violation of 18 U.S.C. § 1341. On June 5, 2008, he was sentenced to 27 months' imprisonment and ordered to pay $224,029.62 restitution. Pending are Vorel's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and his motion to supplement that motion. The Court has determined that no hearing is necessary. *See* Rule 8 of the Rules Governing § 2255 Proceedings. For the following reasons, the motions will be denied.

I. Background

The following facts were agreed to by Vorel and included as Attachment A in the February 12, 2008 Plea Agreement, which Vorel signed. From February 2002 to November 2004, Vorel

1

engaged in a scheme to defraud retailers and other businesses of merchandise and property. Plea Agreement, Ex. A. Vorel used credit cards to purchase goods from these businesses and arranged to have the goods shipped to his home in Maryland. *Id*. After the goods arrived, Vorel would dispute the charges--falsely claiming that he had not received the goods or that the goods had been damaged--and request his credit provider to remove the charges from his account. *See id.* Although he sometimes promised to return the goods in exchange for the credit, he never did so. *Id*. As a result of this scheme, Vorel amassed more than $224,000 in merchandise. *See id*.

On February 12, 2008, Vorel entered into a Plea Agreement, under which he agreed to the entry of a restitution order "for the full amount of the victims' losses." Plea Agreement 7. Vorel also stipulated that his fraud had exceeded $200,000. *Id.* 4. On February 19, 2008, Vorel pled guilty to one count of mail fraud in violation of 18 U.S.C. § 1341. Paper No. 15. On June 5, 2008, the Court sentenced Vorel to 27 months' imprisonment and ordered restitution in the amount of $224,029.62. Paper No. 18. Vorel's appeal was dismissed on October 27, 2009. Paper No. 33. On November 9, 2009, Vorel moved to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Paper No. 35.

On February 17, 2010, Vorel moved to supplement his § 2255 motion. Paper No. 37, 40.[1]

II. Analysis

In support of his motion, Vorel argues that: (1) he received ineffective assistance of counsel, (2) the Government failed to disclose material exculpatory evidence, and (3) his plea was not knowing and voluntary.

   A.  Ineffective Assistance of Counsel

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove ineffective assistance, Vorel must show: (1) counsel's performance was deficient and (2) the deficiency prejudiced his defense. *Id*. at 687. To show deficient performance, Vorel must establish that counsel made errors so serious that the "representation fell below an objective standard of reasonableness." *Id*. at 688. To show prejudice, he must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at

---

[1] Vorel's motion to supplement was captioned as a "motion for the return of property." After reviewing the motion, the Court determined that Vorel was not seeking the return of property, but to challenge the Court's restitution order. The motion was thus redocketed as a motion to supplement Vorel's § 2255 motion.

The motion to supplement merely reiterates arguments that Vorel makes in his § 2255 motion. Accordingly, the motion will be denied.

694.

Vorel's allegations of ineffective assistance are few and difficult to discern. His principal argument is that the Court's restitution order was excessive because the Government did not submit sufficient proof of the victims' losses at sentencing. He notes that the "Government only submitted five letters from merchants," and argues that the amount of restitution should have been limited to the amount of loss stated in those letters.[2] Although the main targets of his dissatisfaction are the Court and the Government, Vorel also appears to fault his lawyer for failing to "supply [the] court with correct information" about the proper amount of restitution.

Although the parties did not agree to the amount of restitution, Vorel admitted in the Plea Agreement that he had acquired "more than $224,000 in merchandise and property by means of materially false and fraudulent pretenses, representations and promises," Plea Agreement, Ex. A, and agreed "to the entry of a Restitution Order for the full amount of the victims' losses, *id*. 7." Vorel also agreed that "pursuant to 18 U.S.C. §§ 3663 and 3663A and §§ 3563(b)(2) and 3583(d), the Court

---

[2] The five letters to which Vorel refers were not offered as proof of the amount of the fraud, but rather were victim impact letters from several of the merchants whom Vorel defrauded.

[could] order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation." *Id.*  In its May 28, 2008 letter to the Court, the Government contended that the loss attributable to Vorel's fraud was $224,029.62.  Letter from Harry M. Gruber, Assistant United States Attorney, May 28, 2008.  The detailed letter--which was also submitted to the United States Probation Office for use in preparing the presentence report--contained an itemized listing of the losses incurred by each of the victims of the fraud.  *See id.*, Ex. A1.  More than 125 victims were listed; the loss amount for each victim ranged from $19.95 to $17,836.74.  *Id*.  The total loss was $224,029.62.  *Id*.  This amount was consistent with the amount of loss stated in the Plea Agreement.  Plea Agreement, Ex. A.

Vorel's counsel disputed this amount at sentencing, Sentencing Hr'g Tr. 5, but the Court found that the amount of loss caused by Vorel's fraud was $224,029.62, *id*. 15.  It is unclear what "information" Vorel's counsel should have provided the Court regarding the amount of restitution or what effect this information would have had on the restitution order. Vorel's unsupported allegation of deficient performance is not sufficient for relief under § 2255.

B.  Failure to Disclose Material Exculpatory Evidence

In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." To prove a *Brady* violation, a defendant must show that the evidence was (1) favorable to the defendant, (2) material, and (3) that the prosecution had the evidence and failed to disclose it.  *Moore v. Illinois*, 408 U.S. 786, 794-95 (1972); *United States v. Stokes*, 261 F.3d 496, 502 (4th Cir. 2001).  Evidence is "material" if "there is a reasonable probability that, had the evidence been disclosed, the result of the proceedings would have been different."  *United States v. Bagley*, 473 U.S. 667, 682 (1985).

Vorel does not identify any exculpatory evidence that the Government failed to disclose.  Rather, he contends that the Government failed to offer evidence sufficient to support the Court's award of restitution.  Vorel again refers to the five victim impact letters that were submitted at sentencing, and argues that those letters were insufficient to show the amount of loss reflected in the restitution order.  This is not a basis

for a *Brady* claim.  Because Vorel has not shown a failure to disclose exculpatory evidence, he cannot prove a denial of due process under *Brady*.

    C.  Knowing and Voluntary Guilty Plea

Vorel also contends that his decision to plead guilty was not knowing and voluntary.  Vorel takes prescription medicine for a vascular disorder known as "Behcet's disease."  He asserts that his counsel and the Government "took advantage of [his] health situation" by suggesting that he plead guilty.  Vorel's contentions are contradicted by his sworn statements at the rearraignment.  The Court asked Vorel if his medications affected his ability to understand the proceedings. Rearraignment Hr'g Tr. 4.  Vorel replied that although the medications made him "a little bit fuzzy and drowsy . . . he [was able] to understand." *Id*.  The Court also asked counsel if she had any reason to believe that Vorel did not understand the proceedings.  *Id*. 5.  She replied that, based on her six meetings with Vorel prior to the rearraignment, she believed he was able to understand.  *Id*.  Vorel informed the Court that he had read the Plea Agreement, discussed it with his counsel, understood it, and agreed to it. *Id*. 8.  He stated that he was pleading guilty of his own free will and was pleading guilty because he was, in fact, guilty.

*Id*. 13. Vorel's plea was knowing and voluntary; his unsupported claim of coercion is not sufficient for relief under § 2255.

    D. Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the Court's decision in a 28 U.S.C. § 2255 case. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (internal quotations omitted). Denial of a COA does not prevent a petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

Because Vorel has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.

III. Conclusion

Vorel has not shown ineffective assistance of counsel, denial of due process, or that his plea was not knowing and voluntary. Accordingly, his motion to vacate, set aside or correct sentence will be denied.


<u>March 30, 2010</u>            _____/s/_____
Date                        William D. Quarles, Jr.
                            United States District Judge